**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ivan LOPEZ, Defendant–Appellant.**

**No. 11–50372.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 10, 2012.*

Filed Sept. 20, 2012.

Jean–Claude Andre, Assistant U.S., Curtis A. Kin, Esquire, Assistant U.S.,

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Office of the U.S. Attorney, Los Angeles, CA, Jerry Alan Behnke, Assistant U.S., Office of the U.S. Attorney, Riverside, CA, for Plaintiff–Appellee.

Michael Tanaka, Deputy Federal Public Defender, FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Ivan Lopez appeals from a special condition of supervised release imposed following his guilty-plea conviction for travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lopez contends that the district court plainly erred by imposing a 2,000–foot residency restriction in lieu of the "direct view" restriction agreed to by the parties in the plea agreement. Although the district court failed to articulate the reason for its specific selection of the 2,000–foot restriction recommended by the Probation Office, other than to note that the change addressed vagueness concerns, Lopez acquiesced in the modification at the hearing. Given Lopez's history and the crime to which he pled guilty, imposition of the restriction was not plain error. *See* 18 U.S.C. § 3583(d); *United States v. Blink-*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*insop,* 606 F.3d 1110, 1118–19 (9th Cir. 2010).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.